

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York  10007*

June 10, 2008

**BY FACSIMILE & ECF**
The Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

       Re:    United States v. Alfredo Matos – **Sentencing Submission**
               07 Cr. 380 (RJF)

Dear Judge Holwell:

      The Government writes with respect to the sentencing of Alfredo Matos (the "defendant"), scheduled for June 13, 2008.  The Government submits that a sentence within the Guidelines range of 70 to 87 months' imprisonment would not be unreasonable.

      On or about January 26, 2006 a cooperating witness (the "CW") working with law enforcement exchanged several phone calls with the defendant (which were recorded) in which the defendant agreed to provide the CW with 55 grams of crack in return for $1,500.  That evening, the CW, defendant and CC-1 met insider a parked car in the Bronx, New York.  DEA agents moved in upon receiving a signal from the CW that the crack was in the car, placed CC-1 under arrest, and recovered 49.9 grams of crack.  The defendant, however, ran from the DEA agents (who identified themselves clearly as law enforcement) and was not found until over a year later, when he was arrested on April 3, 2007.  (PSR ¶¶ 6-10).

      The defendant pled guilty before Magistrate Judge Michael H. Dolinger on October 9, 2007.  The most critical point of the plea agreement is that the Government agreed to dismiss Count One – that Matos had conspired to distribute more than 50 grams of crack (and which carried a 120 month mandatory minimum) – in return for the defendant's plea to Count Two of the indictment.  Count Two charged the defendant with possession of the 49.9 grams of crack on January 26, 2006, and triggered a 60 month mandatory minimum.  Based on this drug weight and the defendant's criminal history, the parties stipulated in the plea agreement that the applicable sentencing Guidelines range was 87 to 108 months' imprisonment, that such a range would not be unreasonable (although the parties could seek a sentence outside the range), and that the parties would not appeal a sentence within that range.  (PSR ¶ 4).

The Probation Department has calculated the applicable range to be 70 to 87 months' imprisonment, lower than the range set forth in the plea agreement, because the crack cocaine Guidelines were reduced after the plea on November 1, 2007. The Government agrees that 70 to 87 months is the correct Guidelines range.

The Government joins the Probation Department in recommending a sentence within this range based on the defendant's pattern of narcotics arrests and his lack of verifiable legitimate employment. Had the defendant possessed even .1 grams more of crack (or had the Government obtained a conviction based on the 55 grams of crack the defendant agreed to sell in a recorded phone call with the CW) he would have faced a mandatory minimum sentence of 120 months. A sentence of 70 months' appropriately accounts for the mitigating factors referred to in the defendant's sentencing submission. The Court, of course, is afforded substantial discretion under 18 U.S.C. § 3553(a) to impose a sentence as low as the mandatory minimum of 60 months' imprisonment.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By:  s/ Arlo Devlin-Brown_____
     Arlo Devlin-Brown
     Assistant United States Attorney
     (212) 637-2506

cc:    Jack Goldberg, Esq.